**HALL LABORATORIES, Inc.,**

v.

**SAMUELS & COMPANY, Inc.**

**Civ. No. 6618.**

United States District Court
N. D. Texas, Dallas Division.
May 30, 1957.

Walter J. Blenko, Eugene F. Buell, and James K. Everhart, Jr., Pittsburgh, Pa., Stanley E. Neely, Dallas, Tex., for plaintiff.

A. D. Caesar, Max R. Millman, Philadelphia, Pa., Harold Hoffman, Dallas, Tex., for defendant.

ATWELL, District Judge.

This suit No. 6618 by the Hall Laboratories, Incorporated, against Samuels & Company, Incorporated, was filed on July 20, 1956, and complaint and summons were issued and were executed on July 20th. From that time on, various and sundry sort of pleadings and motions were made by the parties' attorneys and have been acted on by the Court, and on May 29th, the case finally came to trial.

This is May 30th, and the Court, after having heard the testimony, being advised by the arguments of the respective counsel for the plaintiff and the defendant, is of the opinion and finds as fact that this Patent Number 2,513,094, which was issued on June 27, 1950, to George O. Hall of Florida, finally became and is now and has been for some time the property of the plaintiff, Hall Laboratories, Incorporated. I find also that the 13 claims which provide for the use of phosphates in the process of curing meat and to deter undesirable color changes is and are valid, save and except Claim Two; that the patents which were nearest to this particular patent were before the Patent Office at the time of its investigation and the granting of this particular patent; that those patents extend from the year 1934 to the year 1941; that the prior use which has fattened this record and has been introduced by the defendant from many nations across the seas are not in point and are of no validity in so far as an attack on this particular patent is concerned.

As a conclusion of law, I find that the defendant has infringed this patent and that such infringement followed his attempt to become the sole agent for Texas, and that attempt to become the sole agent for Texas was after the defendant had secured this product from the plaintiff and knew exactly what it contained and what it would do.

I further find as a conclusion of law, Gentlemen, that the plaintiff has not been damaged by this infringement, the testimony showing, and I find as a fact, that as much as a million, seven-hundred thousand dollars has been made since this patent was granted and since the plaintiff had a right to use it. I find no damage whatever, and I therefore hold that the plaintiff is entitled to an injunction against the defendant, against any further infringement, and that there shall be no damages awarded.